UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re

Pedro Velarde and Sara Liliana Velarde
 aka Sara L. Velarde aka Sara Velarde

                                            CHAPTER    13
                                            CASE NO.    14-28140-LMI

      Debtors
_____/

## MOTION TO RECONSIDER AND VACATE MEDIATION ORDER (DOC. NO. 36) BY SUNTRUST MORTGAGE REGARDING REAL PROPERTY

SUNTRUST MORTGAGE, INC. ("Creditor") moves the Court to vacate the Order Granting Debtor's Verified Ex Parte Motion for Referral to Mortgage Modification Mediation (Doc. No. 36) (hereafter "Mediation Order") entered on November 10, 2014 and also deny the Debtors' Motion for Referral to Mortgage Modification Mediation (Doc. No. 31).  The Motion filed by the Debtors seeks to have this Court send a dispute to mediation concerning REAL PROPERTY LOCATED: 1795 NW 55 TERRACE, MIAMI, FL 33142, LEGALLY DESCRIBED AS: LOT 13, BLOCK 12, FIRST AMENDED PLAT OF FLORAL PARK ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 8, AT PAGE 5, OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA ("Real Property").

Creditor would show to this Court that there is no dispute to mediate and therefore the Mediation Order should be vacated as unnecessary in the case.  Specifically,

1.     Creditor held a mortgage on the Real Property.

2.     Creditor foreclosed the mortgage and obtained a Final Judgment of Foreclosure on June 6, 2013 in regards to the Real Property.

3.     Following entry of the Judgment, the property was noticed for sale on July 25, 2014.  The Real Property was sold at the foreclosure sale and Creditor was the successful bidder at the sale and the Creditor was thereafter issued a Certificate of Sale.  A copy of the Certificate of Sale is attached as Exhibit "A".

4.     The Debtors filed their bankruptcy petition on August 12, 2014 which was well after the Certificate of Sale was issued to the Creditor.

5. The Debtors having filed their Motion for Mediation have sought relief which this Court cannot afford to them and for which they are not entitled.

6. Under Florida Law, the issuance of a Certificate of Sale cuts off all of the Debtors' rights in the property and terminates the Debtors' right of redemption. *See Florida Statute Section 45.0315*.

7. The issuance of Certificate of Title is a mere Clerk's administrative function that does not convey ownership in the foreclosed property. It is the Certificate of Sale which conveys ownership.

8. Creditor became the Owner of the property upon the successful bid and the Clerk's Sale Certificate issued on July 25, 2014. See *In re Hill*, 305 B.R. 100 (Bankr.M.D.Fla. 2003) (" a mortgagor's right of redemption terminates with the filing of the certificate of sale. Fla. Stat. § 45.0315"). Because of this, "the Debtor is not able to cure and reinstate or redeem her mortgage through her Chapter 13 Plan." Id. at 155."

9. Florida Statute 45.0315 provides in pertinent part:

45.0315. Right of redemption

"At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption."

10. A Middle District Bankruptcy Court previously considered the same issue in the case of *In re Domenech* Slip Copy 2012 WL 293662 (Bankr.M.D. Fla. 2012). In the *Domenech* case, the Debtors sought to compel the Creditor to comply with a Mortgage Modification Mediation Order previously entered in the case. The property at issue in that case was sold at a foreclosure sale approximately ten days prior to the Debtor's Chapter 13 filing and the Creditor had been issued a Certificate of Sale but not a Certificate of Title. This Court denied the Debtors' Motion to Compel the Creditor to participate in mediation and held:

The Debtor's right of redemption expired upon the issuance of the certificate of sale pursuant to the Foreclosure Judgment and Fla. Stat. § 45.0315 (2011). The foreclosure sale was consummated and the certificate of sale to the Property was issued before the filing of the bankruptcy petition. The Debtor had no interest in the Property on the Petition Date. The Property is not property of the estate pursuant to 11 U.S.C. Section 541. The Debtor is not able to cure the mortgage through her Chapter 13 Plan pursuant to 11 U.S.C. Section 1322(c)(1).

Id.

11.     Creditor is in the process of filing a Motion For Relief From Stay Or To Annul Stay in order to proceed with its post-foreclosure sale efforts to obtain possession of the Property.

WHEREFORE, Creditor prays that the Order Granting Debtor's Verified Ex Parte Motion for Referral to Mortgage Modification Mediation (Doc. No. 36) entered on November 10, 2014 be vacated and that the Debtors' Motion for Referral to Mortgage Modification Mediation (Doc. No. 31) be denied.

### Certification as to Admission to the Southern District Bar

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

I hereby certify that if the above is a matter requiring a hearing rather than negative notice, I have attempted to resolve the disputes involved with opposing parties prior to requesting any hearing on the above Motion.

/s/ Brad W. Hissing
Brad W. Hissing
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601
Phone: (813) 229-0900 Ext. 1347
Fax: (813) 229-3323
bhissing@kasslaw.com
Florida Bar No. 854794

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and correct copy of the foregoing was furnished on December 5, 2014, by U.S. Mail and/or electronic mail via CM/ECF pursuant to Local Rule 7005-3 to: Pedro Velarde and Sara Liliana Velarde, 1795 NW 55 Ter, Miami, FL 33142; Patrick L. Cordero, Esq., 198 NW 37 Ave., Miami, FL 33125; Nancy N. Neidich, Trustee, P.O. Box 279806, Miramar, FL 33027-9806.

/s/ Brad W. Hissing
Brad W. Hissing (x1347)