

ORDERED in the Southern District of Florida on January 8, 2015.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re

Pedro Velarde and Sara Liliana Velarde
aka Sara L. Velarde aka Sara Velarde,

                CHAPTER     13
                CASE NO.    14-28140-LMI

      Debtor(s)
_____/

**ORDER GRANTING MOTION TO ANNUL STAY (DOC. NO. 48)**
**FILED BY SUNTRUST MORTGAGE, INC**

THIS CAUSE came on for hearing on January 6, 2015 upon the Motion To Annul Stay with respect to certain real property having an address of 1795 NW 55 TERRACE, MIAMI, FL, 33142 (the "Property") with a legal description of:

LOT 13, BLOCK 12, FIRST AMENDED PLAT OF FLORAL PARK ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 8, AT PAGE 5, OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA

filed by SUNTRUST MORTGAGE, INC ("Creditor").  The Debtor's counsel was present at the hearing as was counsel for the Creditor.  For the reasons stated on the record at the hearing, it is

ORDERED as follows:

1.      Creditor's Motion to Annul Stay is granted.

2. The automatic stay imposed by 11 U.S.C. Section 362 shall be annulled effective August 12, 2014 (the date of the filing of the Debtor's bankruptcy petition in this case) as to the Creditor with respect to certain real property having an address of 1795 NW 55 TERRACE, MIAMI, FL, 33142 (the "Property") with a legal description of:

> LOT 13, BLOCK 12, FIRST AMENDED PLAT OF FLORAL PARK ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 8, AT PAGE 5, OF THE PUBLIC RECORDS OF MIAMI DADE COUNTY, FLORIDA.

3. The Court determines that the Property was not property of the bankruptcy estate upon the filing of this bankruptcy case as the Creditor had obtained a Certificate of Sale as to the Property prior to the filing of the Debtors' bankruptcy case.

4. The effect of this Order is that the Court determines that the automatic stay did not arise as to the Creditor with respect to the Property upon the filing of this bankruptcy case.

5. The relief granted here permits the Creditor to seek and obtain in rem relief against the Property only.

6. The Creditor is exempt from further compliance with Fed. Bankr. Rule P. 3002.1.

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

###

Prepared and Submitted By:
Brad W. Hissing
Florida Bar No.854794
Kass Shuler, P.A.
P.O. Box 800
Tampa, FL 33601-0800
(813) 229-0900

The foregoing is directed to serve copies of this Order upon the interested parties and file a Certificate of Service with this Court.